783 F.2d 946
 27 Wage & Hour Cas. (BN 1028, 7 Employee
Benefits Ca 1394
CALIFORNIA HOSPITAL ASSOCIATION, California Restaurant
Association, California Manufacturers Association,
California Chamber of Commerce, Merchants & Manufacturers
Association, and California Hotel & Motel Association,
Plaintiffs/Appellees/Cross-Appellants,
v.
Patrick W. HENNING, Labor Commissioner, Department of
Industrial Relations, State of California,
Defendant/Appellant/Cross-Appellee.
 Nos. 83-6381, 83-6416.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 26, 1986.
 
 1
 Richard Simmons, Musick, Peeler & Garrett, Los Angeles, Cal., for plaintiffs/appellees/cross-appellants.
 
 
 2
 John M. Rea, Chief Counsel, Dept. of Indus. Relations, San Francisco, Cal., Allen H. Feldman, Bette J. Briggs, U.S. Dept. of Labor, Washington, D.C., for defendant/appellant/cross-appellee.
 
 
 3
 Before BROWNING, Chief Judge, ALARCON, Circuit Judge, and SOLOMON, District Judge*.
 
 ORDER
 
 4
 The panel has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 5
 The full court has been advised of the suggestion for en banc rehearing, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed.R.App.P. 35(b).
 
 
 6
 The suggestion for rehearing en banc is rejected.
 
 
 7
 The court's opinion in this case filed September 6, 1985 (770 F.2d 856) is amended as follows:
 
 
 8
 1. The sentence beginning at page 858, column 2, line 21 is amended to read, "Plaintiffs' vacation programs at issue in this appeal fall within this regulation."
 
 
 9
 2. The sentence beginning at page 861, column 2, line 50 is amended to read, "The Department of Labor administers ERISA and the Fair Labor Standards Act, and from 1967 through 1978 administered the Age Discrimination in Employment Act. The Department has had long experience with the varying problems and congressional policies involved with respect to each of the possible elements of the employee compensation package. It is therefore well equipped to interpret the statutes it administers in a way that will best accomodate Congress's purposes."
 
 
 10
 3. The only issue presented on appeal was whether the district court properly enjoined the enforcement of state regulatory laws as applied to unfunded vacation plans on the ground that ERISA preempted such enforcement. We held that ERISA did not apply to unfunded plans and therefore reversed the district court. The plaintiffs argue that the district court had enjoined state regulation of funded as well as unfunded plans, and thus we should have affirmed in part. The Commissioner responds that he conceded below that ERISA preempted state regulation of funded plans, and the only issue contested and decided in the district court was whether state regulation of unfunded plans was similarly preempted. He contends that only this issue was appealed and therefore the reversal was complete.
 
 
 11
 The principal importance of this dispute is its relation to the plaintiffs' request in the district court for an award of attorney's fees pursuant to 29 U.S.C. Sec. 1132(g) (1982). Although plaintiffs prevailed below the district court failed to address their request for attorney's fees, and plaintiffs cross-appealed on this basis. The Commissioner concedes that the district court's failure to act on the request was error, but argues that the error was harmless because the plaintiffs should not have prevailed below.
 
 
 12
 Since the plaintiffs were not the prevailing parties on the single issue presented here, namely the application of ERISA to unfunded programs, we did not consider their cross-appeal. Plaintiffs argue, however, that they prevailed both in the district court and in this court on the application of ERISA to funded programs, and that we therefore erred in failing to consider their cross-appeal.
 
 
 13
 Although it is clear that the only issue submitted to and considered by this court was the application of ERISA to unfunded programs, we are unable to determine on the record before us whether the application of ERISA to funded programs was litigated and decided below. If it were, the district court erred in failing to consider plaintiffs' application for attorney's fees. We therefore remand to the district court for a determination of whether the application of ERISA to funded programs was an issue litigated below on which the plaintiffs prevailed, and, if so, whether attorney's fees should be awarded.
 
 
 14
 The mandate is modified to provide the cause is remanded for further proceedings consistent with our original opinion and this order.
 
 
 
 *
 Honorable Gus J. Solomon, Senior Judge, United States District Court for the District of Oregon, sitting by designation